IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                              Case No. 4:17-cr-40010

JOEL LAMAR MOORE                                             DEFENDANT

## ORDER

Before the Court is Defendant's Petition for Jail Time Credit pursuant to 28 U.S.C. § 2241. (ECF No. 36).[1] The Court finds that no response is necessary, and the matter is ripe for consideration.

On May 17, 2018, Defendant pled guilty to knowingly possessing a firearm, which had been shipped and transported in interstate commerce, after having been previously convicted of a crime punishable by imprisonment exceeding one year. (ECF No. 22). The Court held a sentencing hearing on October 3, 2018. The Court sentenced Defendant to a term of thirty (30) months imprisonment with "credit for time already served in federal custody." (ECF No. 34).

In the instant motion, Defendant seeks credit toward his federal sentence for the fourteen (14) months he claims that he served in federal custody prior to his transfer to the Arkansas Department of Corrections for a state sentence. Defendant is currently confined at the Federal Correctional Institution in Forrest City, Arkansas.

Administrative procedures exist within the Bureau of Prisons ("BOP") to review an alleged failure to credit the time a defendant has served. *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). Once these administrative remedies are exhausted, prisoners may then seek

---

[1] While Defendant did not explicitly state that his petition was being brought under 28 U.S.C. § 2241, the Court interprets this motion as a Habeas Corpus Petition for purposes of §2241 as Defendant is claiming the Bureau of Prisons failed to properly award jail credit.

judicial review of any jail-time credit determination by filing a habeas petition under 28 U.S.C. § 2241. *Id.*; *United States v. Tinsdale*, 455 F.3d 885, 888 (8th Cir. 2006). A section 2241 petition challenging the BOP's execution of a sentence must be filed "in either the district where [the petitioner] is confined, in the United States District Court for the District of Columbia, or any district in which the BOP maintains a regional office." *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000).

In the present case, Defendant has not shown that he has exhausted his administrative remedies. Even if Defendant had exhausted his remedies, the Western District of Arkansas is the incorrect venue to make this request. At the time of the filing, Defendant was incarcerated at the Federal Correctional Institution in Forrest City, Arkansas, and it appears that he is currently housed there. Further, the BOP does not maintain a regional office within the Western District of Arkansas.[2] Therefore, the Western District of Arkansas, Texarkana Division, is not the proper venue for Defendant's motion because it is not the district in which he is confined, a district where a regional BOP office is located, or the United States District Court for the District of Columbia.

Accordingly, the Court finds that this case should be transferred to the United States District Court for the Eastern District of Arkansas. The Court directs the clerk to transfer this case immediately.

**IT IS SO ORDERED**, on this 25th day of January, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

A TRUE COPY I CERTIFY
DOUGLAS F. YOUNG, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
By:

---

[2] The Federal Bureau of Prisons maintains an office in the Eastern District of Arkansas at Forest City Correctional Institution in Forrest City, Arkansas. See Federal Bureau of Prisons, Offices, https://www.bop.gov/locations/map.jsp?state=AR (last accessed December 17, 2020).

2

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF ARKANSAS

# TEXARKANA, DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS | § | CASE NO. 4:17-CR-40010-001 |
| | § | |
| JOEL LAMAR MOORE | § | |

## MOTION FOR CREDIT FOR TIME IN FEDERAL CUSTODY

The defendant, Joel Lamar Moore, is appealing to the Honorable Jude Susan Hickey in the District Court of Arkansas to receive credit for the time in federal custody. That such time be credited to the defendant toward the time that the defendant is sentenced to serve for the above cited case.

HISTORY:    The defendant on or about May 10, 2017, was picked up for parole violation for a previous conviction. The defendant was transferred to the Bird Unit on May 30, 2017 for this offense. He was then sent to the Coffield unit where he remained to September04, 2017. The defendant was then bench warranted back to the Bi-State facility and remained there until October 12, 2017. The defendant was then sent to Oklahoma to be processed. The defendant was sent to Joe Corley after leaving Oklahoma for one day, then sent back to Coffield. The defendant made parole from Coffield on May 24, 2019.

The defendant remained in federal custody from September 4, 2017 until on or about October 12, 2018, when the defendant was returned to the Coffield unit to serve his state time. The defendant returned to the Joe Corley Facility and has remained there at the time of this motion.